STEVEN P. GOULD
(appearing pro se)
HCR 20, Box 1586
Blythe, California  92225
TEL:  (760) 808-4943

FILED
CLERK, U.S. DISTRICT COURT

02/20/2024

CENTRAL DISTRICT OF CALIFORNIA
BY:        AP        DEPUTY

## IN THE UNITED STATES DISTRICT COURT FOR
## THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>STEVEN P. GOULD<br><br>Defendant | Case No.  5:23-cv-02295-FMO-SPx<br><br>**Answer of Steven P. Gould to Complaint for Eviction and Damages** |

**Defendant,** Steven P. Gould,  responds to the Complaint for Eviction and Damages herein as follows:

### NATURE OF ACTION

**1.** Answering the allegations of Paragraph 1, Defendant admits that Plaintiff United States of America seeks ejectment of Defendant. Except as so

1

admitted, Defendant denies generally and specifically the remaining allegations in Paragraph 1, including that the United States represented by the Secretary of the Interior has authority over leasing the subject land for the benefit of the Tribes.

2.    Answering the allegations of Paragraph 2, Defendant admits that he claims interest in the property. Except as so admitted, Defendant is without sufficient information to either affirm or deny the allegations regarding notifications set forth therein and deny the balance of any other allegations.

3.    Answering the allegations of Paragraph 3, Defendant admits occupancy of a track of land within the Rymer Subdivision and used as his primary residence. Defendant denies the Subject land is held by the United States in trust for the Tribes for the purpose of leasing. Except as so admitted, Defendant denies generally and specifically the remaining allegations, including any unlawful activity regarding Tribal use.

4.    Answering the allegations of Paragraph 4, Defendant admits occupancy of a track of land within the Rymer Subdivision and used as his residence. Defendant denies his occupancy was unlawful. Defendant denies that the land is held by the United States in trust for the Tribes for the purpose of leasing. Except as so admitted, Defendant denies generally and specifically the remaining allegations, including any right to remedies based upon the false assertion that the subject lot is held by the United States in trust for the Tribes.

## JURISDICTION AND VENUE

5.    Answering the allegations of Paragraph 5, Defendant admits the allegations contained therein.

6.    Answering the allegations of Paragraph 6, Defendant admits the allegations contained therein.

## PARTIES

2

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

7.    Answering the allegations of Paragraph 7, Defendant admits the United States of America is suing on its own behalf.  Defendant denies the United States of America is suing in its capacity as trustee for the Tribes.

8.    Answering the allegations of Paragraph 8, Defendant admits that he has occupied and continues to occupy Rymer Lot 16.  Defendant denies that occupation is unlawful. Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 8, if any.

9.    Answering the allegations of Paragraph 9, Defendant admits the allegations contained therein.

## GENERAL ALLEGATIONS

### A.  The Lands at Issue

10.    Answering the allegations of Paragraph 10, Defendant admits the allegations contained therein.

11.    Answering the allegations of Paragraph 11, Defendant admits that in 1964 Congress held in abeyance the Secretary's leasing authority on lands on the California side of the River until such time that those lands were "determined to be within the reservation".   Defendant admits that Pub. L. No. 88-302, 78 Stat. 188 (April 30, 1964) ("1964 Act") speaks for itself.  Nothing by such admission, however, shall be construed to waive any claims or positions of Defendant herein or to otherwise provide to Plaintiff rights beyond those otherwise held or to enhance any rights otherwise non-existing to Plaintiff.   Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 11, if any.

12.    Answering the allegations of Paragraph 12.  Defendant admits that Interior Solicitor Edward Weinberg issued a legal opinion on January 17, 1969.  Defendant admits that Secretary of the Interior, Stewart Udall, concurred in the opinion.  Defendant denies that the subject legal opinion pertained to the entire

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

western boundary of the Reservation. Defendant denies that Secretary Udall instructed the Director of the Bureau of Land Management to conduct surveys to fix the line of the Reservation's entire western boundary. Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 12, if any.

13.    Answering the allegations of Paragraph 13, Defendant admits that a 1970 letter from Secretary Walter Hickel to CRIT Chairman Fisher addressed the "Benson Line". Defendant denies that the "Benson Line" extends any further south than the line between T. 4 S. and T. 5 S., and therefore represents only a portion of the western boundary. Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 13, if any.

14.    Answering the allegations of Paragraph 14, Defendant admits that the Bureau of Indian Affairs (BIA) published a notice in the Federal Register purporting to extend leasing authority in accordance with the Secretary's determination of additional lands within the Reservation. Defendant notes that the cited Federal Register notice recognizes the existing boundary dispute: *§ 131.18 Colorado River Reservation "...Provided, however, That application of this Part 131 shall not extend to any lands lying west of the present course of the Colorado River and south of sec. 12 of T. 5 S., R. 23 E, San Bernardino base and meridian in California and shall not be construed to affect the resolution of any controversy over the location of the boundary of the Colorado River Reservation: ...* Defendant denies that the Secretary made a final determination of the Reservation's external boundaries pursuant to the Act of April 30, 1964 (78 Stat. 188). Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 14, if any.

4

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

15.    Answering the allegations of Paragraph 15, Defendant admits the Subject Property is Lot 16 within the Rymer Subdivision.  Defendant denies the Subject Property is within the undisputed exterior boundaries of the Reservation. Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 15, if any.

**B.    Defendant's Unauthorized Occupation and Use of the Subject Property**

16.    Answering the allegations of Paragraph 16, Defendant admits that the BIA began approving permits to existing property owners west of the River and within the Rymer subdivision after 1970.  Defendant admits that James A. & Sharon E. Gould were one of those property owners.   Defendant denies that such permits were on lands within the undisputed external boundaries of the Reservation.  Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 16, if any.

17.    Answering the allegations of Paragraph 17, Defendant admits that the 1979 Permit WB-67 (R) utilized by the United States Department of the Interior, Bureau of Indian Affairs, and CRIT speaks for itself.  Nothing by such admission, however, shall be construed to waive any claims or positions of Defendant herein or to otherwise provide to Plaintiff rights beyond those otherwise held or to enhance any rights otherwise non-existing to Plaintiff.   Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 17, if any.

18.    Answering the allegations of Paragraph 18, Defendant admits that the 1979 Permit WB-67 (R) utilized by the United States Department of the Interior, Bureau of Indian Affairs and CRIT speaks for itself.  Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 18, if any.

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

19.    Answering the allegations of Paragraph 19, Defendant admits that the 1979 Permit WB-67 (R) utilized by the United States Department of the Interior, Bureau of Indian Affairs, and CRIT speaks for itself.  Defendant denies any knowledge of the procedures utilized by the BIA in handling this permit and other similar  permits.  Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 19, if any.

20.    Answering the allegations of Paragraph 20, Defendant admits that Permit No. WB-67(R) was issued to James A. Gould and Sharon E. Gould, and that Articles 2 and 3 of the Permit speak for themselves.  Nothing by such admission, however, shall be construed to waive any claims or positions of Defendant herein or to otherwise provide to Plaintiff rights beyond those otherwise held or to enhance any rights otherwise non-existing to Plaintiff.  Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 20, if any.

21.    Answering the allegations of Paragraph 21, Defendant admits that Article 4 of the Permit speaks for itself.  Defendant denies that authority for termination of Permit extends beyond the Superintendent, Colorado River Agency, clearly excluding CRIT.  Nothing by such admission, however, shall be construed to waive any claims or positions of Defendant herein or to otherwise provide to Plaintiff rights beyond those otherwise held or to enhance any rights otherwise non-existing to Plaintiff.  Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 21, if any.

22.    Answering the allegations of Paragraph 22, Defendant admits that Article 5 of the Permit speaks for itself.  Nothing by such admission, however, shall be construed to waive any claims or positions of Defendant herein or to otherwise provide to Plaintiff rights beyond those otherwise held or to enhance

6

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

any rights otherwise non-existing to Plaintiff.  Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 22, if any.

23.    Answering the allegations of Paragraph 23, Defendant admits that Article 6 of the Permit speaks for itself.  Defendant notes that permanent improvements such as the existing house and utilities were on the property before Permit No. WB-67(R) was approved by the BIA.  Nothing by such admission, however, shall be construed to waive any claims or positions of Defendant herein or to otherwise provide to Plaintiff rights beyond those otherwise held or to enhance any rights otherwise non-existing to Plaintiff.   Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 23, if any.

24.    Answering the allegations of Paragraph 24, Defendant admits that Article 15 of the Permit speaks for itself.  Nothing by such admission, however, shall be construed to waive any claims or positions of Defendant herein or to otherwise provide to Plaintiff rights beyond those otherwise held or to enhance any rights otherwise non-existing to Plaintiff.   Defendant denies that the land held under this Permit has been determined to be within the boundaries of the Colorado River Indian Reservation.  Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 24, if any.

25.    Answering the allegations of Paragraph 25, Defendant admits that Article 18 of the Permit speaks for itself.  Nothing by such admission, however, shall be construed to waive any claims or positions of Defendant herein or to otherwise provide to Plaintiff rights beyond those otherwise held or to enhance any rights otherwise non-existing to Plaintiff.   Defendant denies that the Secretary has authority over leasing in accordance with Pub. L. 88-302.  Except as

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 25, if any.

**26.**    Answering the allegations of Paragraph 26, Defendant admits that Article 22 of the Permit speaks for itself.  Nothing by such admission, however, shall be construed to waive any claims or positions of Defendant herein or to otherwise provide to Plaintiff rights beyond those otherwise held or to enhance any rights otherwise non-existing to Plaintiff.  Defendant denies that the Secretary has authority over leasing in accordance with Pub. L. 88-302. Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 26, if any.

**27.**    Answering the allegations of Paragraph 27, Defendant admits that Article 25 of the Permit speaks for itself.  Nothing by such admission, however, shall be construed to waive any claims or positions of Defendant herein or to otherwise provide to Plaintiff rights beyond those otherwise held or to enhance any rights otherwise non-existing to Plaintiff.  Defendant denies that the Secretary has authority over leasing in accordance with Pub. L. 88-302. Defendant denies that the Secretary has authority over leasing in accordance with Pub. L. 88-302. Except as so admitted, Defendant denies the allegations contained therein. Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 27, if any.

**28.**    Answering the allegations of Paragraph 28, Defendant admits that Article 27 of the Permit speaks for itself.  Nothing by such admission, however, shall be construed to waive any claims or positions of Defendant herein or to otherwise provide to Plaintiff rights beyond those otherwise held or to enhance any rights otherwise non-existing to Plaintiff.  Defendant denies that the Secretary has authority over leasing in accordance with Pub. L. 88-302.  Except as so

8

admitted, alleged, and denied, Defendant denies generally and specifically the
remaining allegations of Paragraph 28, if any.

29.    Answering the allegations of Paragraph 29, Defendant admits that
Plaintiff's Exhibit "4" and Exhibit "5" regarding rental increases on Permit WB-
67 speak for themselves.  Defendant denies that the Permit was enforceable
beyond 1984 due to the confirmation of the Reservation boundary dispute by the
United States Supreme Court in *Arizona v. California* 460 U.S. 605 (1983)
triggering the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302.  Except as
so admitted, alleged, and denied, Defendant denies generally and specifically the
remaining allegations of Paragraph 29, if any.

30.    Answering the allegations of Paragraph 30, Defendant admits that
Plaintiff's Exhibit "6" speaks for itself and the Gould lot was effectively split in
half with the remaining Gould riverfront portion reduced to 76 feet.  Defendant
denies that the 1988 BIA approval of the modification was legally authorized due
to the confirmation of the Reservation boundary dispute by the United States
Supreme Court in *Arizona v. California* 460 U.S. 605 (1983) triggering the Act of
April 30, 1964 (78 Stat. 188), Public Law 88-302, which prohibited the Secretary
from approving leasing.  Except as so admitted, alleged, and denied, Defendant
denies generally and specifically the remaining allegations of Paragraph 30, if
any.

31    Answering the allegations of Paragraph 31, Defendant admits that
Plaintiff's Exhibit "7" regarding CRIT's rental increase speaks for itself.
Defendant denies that CRIT had authority to assess rental amounts for leased
property in the disputed area due to the unresolved boundary dispute in
conjunction with the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302.
Except as so admitted, alleged, and denied, Defendant denies generally and
specifically the remaining allegations of Paragraph 31, if any.

9

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

32.     Answering the allegations of Paragraph 32, Defendant admits the allegations contained in Paragraph 32 to the extent, as believed, they reflect a summary of the letter from CRIT dated June 24, 1994, which is attached as Exhibit "8" to the Complaint, which Exhibit speaks for itself.   Defendant denies that CRIT had authority to assess rental amounts for leased property in the disputed area due to the unresolved boundary dispute in conjunction with the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302.  Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 32, if any.

33.     Answering the allegations of Paragraph 33, Defendant admits the allegations contained in Paragraph 33 to the extent, as believed, they reflect a summary of the letter with bill from CRIT dated June 24, 1994, which is attached as Exhibit "8" to the Complaint, which Exhibit speaks for itself.   Defendant denies that CRIT had authority to assess rental amounts for leased property in the disputed area due to the unresolved boundary dispute in conjunction with the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302. Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 33, if any.

34.     Answering the allegations of Paragraph 34, Defendant admits the allegations contained in Paragraph 34 to the extent, as believed, they reflect a summary of the letter from CRIT dated November 30, 1995, which is attached as Exhibit "9" to the Complaint, which Exhibit speaks for itself.   Defendant denies that CRIT had authority to assess rental amounts for leased property in the disputed area due to the unresolved boundary dispute in conjunction with the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302. Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 34, if any.

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

35.    Answering the allegations of Paragraph 35, Defendant admits the allegations contained in Paragraph 35 to the extent, as believed, they reflect a summary of the letter and Bill from CRIT dated November 30, 1995, which is attached as Exhibit "9" to the Complaint, which Exhibit speaks for itself. Defendant denies that CRIT had authority to assess rental amounts for leased property in the disputed area due to the unresolved boundary dispute in conjunction with the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302. Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 35, if any.

36.    Answering the allegations of Paragraph 36, Defendant admits the allegations contained in Paragraph 36 to the extent, as believed, they reflect a summary of the August 9, 1996 letter from the BIA attached as Exhibit "10" to the Complaint, which Exhibit speaks for itself.  Defendant denies that the BIA had authority to demand rental amounts, interest payments, or removal of personal property for leased lots in the disputed area due to the unresolved boundary dispute in conjunction with the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302.  Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 36, if any.

37.    Answering the allegations of Paragraph 37, Defendant admits occupying on a full-time basis, the Subject Property that he inherited from his father in 2004.  Defendant denies that his father "signed over" the property to him and his mother in 2005 as asserted in Exhibit "11" of the Complaint.  Except as so admitted, alleged and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 37, if any.

38.    Answering the allegations of Paragraph 38, Defendant admits that his mother died in 2007. Except as so admitted, alleged and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 38, if any.

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

1
2
3
4
5
6
7
8
9

**39.**     Answering the allegations of Paragraph 39, Defendant admits the allegations contained in Paragraph 39 to the extent, as believed, they reflect a summary of the CRIT notice of September 1, 2010, posted on Lot #16, addressed to "Occupant", and attached as Exhibit "12" to the Complaint, which Exhibit speaks for itself.  Defendant denies that CRIT had authority to lease Lot #16 in the disputed area due to the unresolved boundary dispute in conjunction with the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302.  Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 39, if any.

10
11
12
13
14
15

**40.**     Answering the allegations of Paragraph 40, Defendant admits that James Gould has since passed away and thus cannot deny or corroborate the claims made by Plaintiff about a phone conversation with an "unnamed" person submitted as Exhibit "11".  Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 40, if any.

16
17
18
19
20
21
22
23
24
25
26

**41.**     Answering the allegations of Paragraph 41, Defendant admits the allegations contained in Paragraph 41 to the extent, as believed, they reflect a summary of the August 13, 2012 letter from Andrea Vernoy to James Gould, attached as Exhibit "13" to the Complaint, which Exhibit speaks for itself.  Except as so admitted and alleged, Defendant denies the premise of the allegations in Paragraph 41, including that Defendant was in trespass and CRIT is entitled to lease lands within the disputed area due to the recognized boundary dispute triggering the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302, which prohibits Secretarial authority over leasing.  Except as so admitted, alleged and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 41, if any.

27
28
28

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

42.    Answering the allegations of Paragraph 42, Defendant admits that
neither he nor his father agreed to terms offered by CRIT as proposed within
Exhibit "13" attached to the Complaint.  Except as so admitted, alleged and
denied, Defendant denies generally and specifically the remaining allegations of
Paragraph 42, if any.

43.    Answering the allegations of Paragraph 43, Defendant admits that he
occupies Lot #16 of the Rymer subdivision.  Defendant denies that he is privy to
observations by tribal officials.  Defendant denies that his occupancy of Lot #16 is
illegal as has his family's dating back to 1960 when his grandfather built the
house that serves as Defendant's home.  Except as so admitted, alleged and
denied, Defendant denies generally and specifically the remaining allegations of
Paragraph 43, if any.

44.    Answering the allegations of Paragraph 44, Defendant admits that he
occupies Lot #16 of the Rymer subdivision. Defendant denies that his occupation
is unlawful and contrary to federal law due to the recognized western boundary
dispute triggering the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302,
which prohibits Secretarial authority over leasing.  Defendant denies that his
occupation deprives the Tribes of the use and enjoyment of this land as they are
free to purchase lands within the disputed area, including Defendant's.  Except as
so admitted, alleged and denied, Defendant denies generally and specifically the
remaining allegations of Paragraph 44, if any.

C.    **Legal Basis for Claims against Defendant**

45.    Answering the allegations of Paragraph 45, Defendant admits
allegations.  Defendant denies that he is in trespass since the family's occupancy
originated with the purchase of the land from the developer, John Rymer, in 1960,
which was later strengthened with the execution of their 1979 BIA Permit, signed
by James A. & Sharon E. Gould and approved by the Secretary.  Therefore, the

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

family's claim to the land can only be regarded as "holding over" as defined in the Permit. Except as so admitted, alleged and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 45, if any.

46.    Answering the allegations of Paragraph 46, Defendant admits allegations. Except as so admitted and alleged, Defendant denies the premise of the allegations in Paragraph 46, including that Defendant is in trespass and CRIT is entitled to Indian rights to occupancy and use of the Subject land due to the recognized boundary dispute triggering the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302. Except as so admitted, alleged and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 46, if any.

47.    Answering the allegations of Paragraph 47, Defendant admits leases on Indian Land are governed generally by 25 CFR § 162. Defendant denies Plaintiff is governed by 25 CFR § 162 due to the recognized western boundary dispute triggering the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302, which specifically prohibits Secretarial authority over leasing. Except as so admitted, alleged and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 47, if any.

48.    Answering the allegations of Paragraph 48, Defendant admits that the BIA has leasing regulations that have evolved over time. Defendant denies that 25 CFR § 162.003 was included in the 1979 Permit signed by James A. and Sharon E. Gould. Defendant denies that he is governed by 25 CFR § 162 due to the recognized western boundary dispute triggering the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302, which specifically prohibits Secretarial authority over leasing. Except as so admitted, alleged and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 48, if any.

49.    Answering the allegations of Paragraph 49, Defendant admits that the BIA has leasing regulations that have evolved over time. Defendant denies 25

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

CFR § 162.005 was included in the 1979 Permit signed by James A. and Sharon E. Gould.  Defendant denies that he is governed by 25 CFR § 162 due to the recognized western boundary dispute triggering the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302, which specifically prohibits Secretarial authority over leasing.   Except as so admitted, alleged and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 49, if any.

     **50.**    Answering the allegations of Paragraph 50, Defendant admits that the BIA has leasing regulations that have evolved over time.  Defendant denies 25 CFR § 162.005 was included in the 1979 Permit signed by James A. and Sharon E. Gould.  Defendant denies that the BIA has authority under 25 CFR § 162 due to the recognized western boundary dispute triggering the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302, which specifically prohibits Secretarial authority over leasing.   Except as so admitted, alleged and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 50, if any.

     **51.**    Answering the allegations of Paragraph 51, Defendant admits that he currently does not have ownership of the Subject Property.  Although Defendant's family was issued a Quit Claim deed in 1964 by the landowner, and filed a Declaration of Homestead in 1963,  the U.S. District Court prevailed in the challenge to ownership of the Rymer subdivision in 1971.  Defendant denies the Subject land is held by the United States in trust for the Tribes for the purpose of leasing due to the recognized western boundary dispute triggering the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302, which specifically prohibits Secretarial authority over leasing.  Defendant denies that he is in trespass because the basis for legal occupancy was the 1964 Quit Claim deed, his family's Declaration of Homestead recorded by Riverside County, and continued with the 1979 Permit signed by James A. and Sharon E. Gould, approved by the Secretary, and can only be regarded as "holding over" as defined in the Permit.  Except as so

admitted, alleged and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 51, if any.

### FIRST CAUSE OF ACTION

#### (Trespass)

52.      Answering the allegations of Paragraph 52, Defendant incorporates by reference each and all of its responses in this Answer as set forth in Paragraphs 1 through 51, inclusive which are incorporated herein by this reference.

53.      Answering the allegations of Paragraph 53, Defendant admits that his family received a letter dated August 9, 1996 from the BIA attached as Exhibit "10" to the Complaint, which Exhibit speaks for itself.  Defendant denies that the BIA had authority to "take possession of the permitted premises and all buildings and improvements thereon, and may cast Permittee and all persons claiming under the permit from the premises" as alleged, due to the unresolved boundary dispute in conjunction with the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302. Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 53, if any.

54.      Answering the allegations of Paragraph 54, Defendant admits that Article 25 of the Permit speaks for itself.  Nothing by such admission, however, shall be construed to waive any claims or positions of Defendant herein or to otherwise provide to Plaintiff rights beyond those otherwise held or to enhance any rights otherwise non-existing to Plaintiff.  Defendant denies generally and specifically the remaining allegations of Paragraph 54, if any.

55.      Answering the allegations of Paragraph 55, Defendant admits occupying on a full-time basis, the Subject Property that he inherited from his father in 2004.  Defendant denies that his father "signed over" the property to him and his mother in 2005 as asserted in Exhibit "11" of the Complaint.  Except as so

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

admitted, alleged and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 55, if any.

56.    Answering the allegations of Paragraph 56, Defendant admits occupying on a full-time basis, the Subject Property that he inherited from his father in 2004, that he received an offer from CRIT for a new lease or "walk away", and that he has not vacated the property.  Defendant denies that CRIT had authority to lease Lot #16 in the disputed area due to the unresolved boundary dispute in conjunction with the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302.  Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 56, if any.

57.    Answering the allegations of Paragraph 57, Defendant admits he does not possess a current CRIT lease (Permit).  Defendant denies that his family never had an ownership claim to the Subject Property or what is now referred to as Lot #16.  Defendant denies that CRIT has authority to lease Lot #16 in the disputed area due to the unresolved boundary dispute in conjunction with the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302.  Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 57, if any.

58.    Answering the allegations of Paragraph 58, Defendant admits he resides on the Subject Property.  Defendant denies that his family's occupancy of the Subject Property constitutes trespass, and CRIT is entitled to lease lands within the disputed area due to the recognized boundary dispute triggering the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302, which prohibits Secretarial authority over leasing.  Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 58, if any.

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

**59.**     Answering the allegations of Paragraph 59, Defendant admits he resides on the Subject Property.  Defendant denies that his family's occupancy of the Subject Property in the past or currently, constitutes trespass, has caused damages, and that a judicial determination has been made as to whether the property has been found to be tribal trust land.  Except as so admitted, alleged, and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 59, if any.

## SECOND CAUSE OF ACTION

### (Ejectment)

**60.**     Answering the allegations of Paragraph 60, Defendant incorporates by reference each and all of its responses in this Answer as set forth in Paragraphs 1 through 59, inclusive, which are incorporated herein by this reference.

**61.**     Answering the allegations of Paragraph 61, Defendant admits he has occupied the Subject Property since "at least 2005" and has not vacated. Defendant denies they he is without authorization or legal right.  Defendant also denies that his family lacked a valid Permit, and that a valid new lease for the Subject Property is currently available due to the recognized boundary dispute triggering Section 5 of the Act of April 30, 1964 (78 Stat. 188), Public Law 88-302.  Except as so admitted, alleged and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 61, if any.

**62.**     Answering the allegations of Paragraph 62, Defendant admits his family has occupied the Subject Property since 1954.  Defendant denies their occupancy is unlawful in accordance with their quit claim deed and 1979 Permit and status as "holding over", or that Defendant has prevented CRIT from occupying and using the land as they are free to submit an offer to purchase the improvements on the property.  Except as so admitted, alleged and denied,

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

Defendant denies generally and specifically the remaining allegations of Paragraph 62, if any.

**63.**    Answering the allegations of Paragraph 63, Defendant admits the BIA claimed authority over the Subject Property beginning after the 1969 Secretarial Order.  Defendant denies that he has defied that authority as clearly demonstrated by his participation in the 2016 appeal to the Interior Board of Indian Appeals (IBIA).  *See West Bank Homeowners Ass'n v. Acting W. Reg'l Dir., Bureau of Indian Affs,* 64 IBIA 82, 2017 WL 1192190 (IBIA Mar. 24, 2017). Except as so admitted, alleged and denied, Defendant denies generally and specifically the remaining allegations of Paragraph 63, if any.

**64.**    Answering the allegations of Paragraph 64, Defendant affirmatively alleges and admits that to the extent there exists actual controversies as alleged above and herein, the parties are entitled to legal declarations of their rights to include the rights of the United States and Defendant, some of which have been referenced specifically in this Answer and/or affirmative defenses and all of which allegations are incorporated herein by this reference.  Defendant asserts then that the issues now raised by Plaintiff's pleadings, actions and positions with respect to the subject Property and as to Defendant, necessarily require numerous declarations to include the following:

**A.**    A declaration as to whether or not the Property is or is not on Tribal Reservation land held in trust by the United States.

**B.**    A declaration that the Act of April 30, 1964 (78 Stat. 189), Public Law 88-302  authorizing the Secretary of the Interior to approve leases of Reservation land, excluded "lands lying west of the present course of the Colorado River and south of section 25 of township 2 south, range 23 east, San Bernardino base and meridian in California, and shall not be construed to affect

19

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

the resolution of any controversy over the location of the boundary of the Colorado River Reservation".

    **C.**     A declaration that Public Law 88-302, excepting from the Secretary of the Interior's leasing authority land west of the Colorado and south of section 25 of township 2 south, range 23, San Bernardino base and meridian, precluded leasing in the disputed area unless the dispute was resolved in the Tribe's favor.

    **D.**     A declaration that the Subject Land is included within the disputed area as defined in Public Law 88-302.

    **E.**     A declaration that the 1969 Secretarial Order did not resolve the boundary dispute in accordance with the United States Supreme Court in *Arizona v. California, 460 U.S. 605, 636-37 (1983)*.

    **F.**     A declaration that the United States Supreme Court in *Arizona III*, 530 U.S. at 418-19 recognized the CRIT western boundary dispute had not been resolved.

    **G.**     A declaration that all parties within *Arizona III*, including the United States and CRIT, signed the stipulated settlement that included recognition of the "Disputed Boundary". *Arizona v. California,* 530 U.S. 392 (2000).

    **H.**     A declaration that the United States Supreme Court has rejected the 1969 Secretarial Order as an "ex parte" secretarial determination of the boundary issues that would not constitute "final determinations". *Arizona v. California*, 460 U.S. 605, 636-37 (1983).

    **I.**     A declaration that the Ninth Circuit Court of Appeals found the CRIT western boundary to be in dispute in *Turley v. Eddy*, 70 Fed. Appx. 934 (2003),

    **J.**     A declaration that the U.S. District Court found the CRIT western boundary to be in dispute in *French v. Starr*, 15-15470 (9th Cir. 2017))

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

("the Court recognizes that the issue of the location of the Reservation's boundary remains unresolved"). (Uncontested by the Ninth Circuit).

     **K.**    Such other and further declarations as may be just and appropriate.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

**65.** The Complaint and each and every purported cause of action thereof, fails to state a claim for which relief can be granted against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Failure To Join Indispensable Party)

**66.** Defendant is informed and believes and thereon alleges that by the actions taken and the issues affirmatively raised by the United States to include assertion of jurisdiction under CRIT, necessarily then Plaintiff has failed to join as an indispensable party the State of California, acting in its official capacity. The allegations necessarily, de facto, and express allegations assert right, trust status, and interest to land which right, title, and interest is disputed and which necessarily then requires inclusion of these parties identified above.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

**67.** Plaintiff, though under a duty to do so, has failed and neglected to mitigate its claimed damages, and therefore the Complaint against this answering Defendant is barred in whole or in part by said failure to mitigate.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

**68.** Plaintiff's Complaint is barred in whole or in part by the equitable doctrine of unclean hands.

21

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

## FIFTH AFFIRMATIVE DEFENSE

### (Mistake)

**69.**    The Complaint and each and every purported cause of action or claim for relief therein, is barred by reason of mutual or unilateral mistake of fact.

## SIXTH AFFIRMATIVE DEFENSE

### (Breach of Alleged Obligations by Plaintiff)

**70.**    Without admitting the existence of any agreement alleged in the Complaint, the answering Defendant is informed and believes and thereon alleges that the actions and omissions by Plaintiff constituted a breach of contract by Plaintiff and that such breach excuses any non-performance by this answering Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

**71.**    The Complaint and each and every purported claim of action against this answering Defendant is barred by reason that all of the alleged acts, conduct, or omissions of this answering Defendant, which Defendant resolutely denies if done, were done in good faith and with due cause.

## EIGHTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

**72.**    This answering Defendant is informed and believes and based on this information and belief alleges that this answering Defendant's conduct was not in any way the cause in fact or the proximate cause of any of the damages alleged by Plaintiff, and that each of Plaintiff's claims are barred and precluded as a result thereof.

## NINTH AFFIRMATIVE DEFENSE

### (Excuse)

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

73.     This answering Defendant is informed and believes, on that basis alleges, that at all times herein, any duty to Plaintiff has been excused by the failure of consideration, waiver, breach of condition precedent, impossibility of performance, prevention, frustration of purpose and/or acceptance by Plaintiff, its representatives, agents and /or employees.

## TENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

74.     Without admitting any liability, Defendant is informed and believes that the causes of action set forth in the Complaint are barred by all applicable statutes of limitation to include 28 U.S.C. 2415(a).

## ELEVENTH AFFIRMATIVE DEFENSE
### (Laches)

75.     Defendant affirmatively alleges that Plaintiff has knowingly and affirmatively failed to pursue its claims against Defendant in a manner and for a period that causes such claims to be extinguished due to the unreasonable delay of asserting same and under the equitable doctrine of laches.  Plaintiff has unreasonably delayed in bringing these claims against Defendant and accordingly the Complaint should be dismissed altogether and/or any monetary damages sought against Defendant should be waived including imposition of any interest as alleged by Plaintiff.

## TWELVETH AFFIRMATIVE DEFENSE
### (Estoppel)

76.     Defendant is informed and believes and thereon alleges that Plaintiff has engaged in conduct, activities, or inactivity with respect to the subject matters of this litigation, alleged rights, agreements, incidents, and claimed damages and that by reason of said activities, and inactivity and conduct, Plaintiff is estopped

23

from asserting claims for damages or seeking any other relief against this answering Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

77.    Defendant alleges that Plaintiff has engaged in conduct, activities, inactivity, and delays sufficient to constitute a waiver of any alleged breach of duty, act, omission, or other conduct sufficient to allow Plaintiff to recover or obtain any relief as sought by Plaintiff in its Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Prohibition Against Enforcement of Void and/or Voidable Permits)

78.    Defendant alleges that Federal law, PL 88-302, passed in 1964, expressly prohibits and restricts the rights of the Secretary of Interior from approving or enforcing leases of or for the disputed area and, accordingly, the underlying permit is void and/or voidable and without any force or effect such as to then render both the Secretary and CRIT without authority to rely upon or otherwise seek relief and/or damages from any alleged breaches thereof and as requested by Plaintiff in this action.

### FIFTEENITH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

79.    Defendant reserve the right to assert additional affirmative defenses once discovery has been completed and such additional affirmative defenses are ascertained and become known.

**WHEREFORE,** Defendant prays for judgment as follows:

1.  That Plaintiff take nothing by its action.

2.  For all reasonable attorneys' fees expended.

3.  For costs of the suit incurred herein.

24

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

4.   A declaration that Pub. L. 88-302 (78 Stat. 188) denies the Secretary of the Interior's leasing authority within the disputed area

5.   Such other and further relief as the Court may deem just and proper.


Dated:    02/01/2024_____    Respectfully submitted,


_Steven P. Gould_

Steven P Gould, appearing pro se

25

ANSWER OF STEVEN P. GOULD TO
COMPLAINT FOR EVICTION AND DAMAGES

# PROOF OF SERVICE

I hereby certify that on February 8, 2024, I served the plaintiffs listed below via verified email as allowed by F.R.Civ.P. 5 and Local Rules L.R. 5-3.1.2. Document served was Defendants' Answer for Case Number 5:23-cv-02295-FMO-SP.

Steven P. Gould
(appearing pro se)
stevegould1586@gmail.com
HCR 20 Box 1586
Blythe, CA  92225

*Defendants*

TODD KIM
Assistant Attorney General

MARISA J. HAZELL
marisa.hazell@usdoj.gov
Trial Attorney, CO Bar No. 54272

LAURA BOYER
laura.boyer@usdoj.gov
Trial Attorney, CO Bar No. 56764


United States Department of Justice
Environment & Natural Resources
Indian Resources Section
999 18th St., South Terr. 370
Denver, CO  80202

*Attorneys for Plaintiff*


Executed on February 8, 2024, at Blythe, California.

s/ *[signature]*
STEPHEN P. GOULD