**TODD KIM**
Assistant Attorney General
**MARISA J. HAZELL**
Trial Attorney, CO Bar No. 54272
marisa.hazell@usdoj.gov
United States Department of Justice
Environment & Natural Resources Division
Indian Resources Section
999 18th St., South Terr. 370
Denver, CO 80202
TEL: (202) 532-3055
FAX: (303) 844-1350
**LAURA BOYER**
Trial Attorney, CO Bar No. 56764
laura.boyer@usdoj.gov
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
TEL: (202) 353-8596
FAX: (202) 353-1156

*Attorneys for Plaintiff*
United States of America

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>v.<br><br>STEVEN P. GOULD<br><br>　　　　Defendant. | Case No. 5:23-cv-02295 FMO (SPx)<br><br>**UNITED STATES' REPLY IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (ECF NO. 21)**<br><br>**[Fed. R. Civ. P. 12(c)]**<br><br>Date:　May 30, 2024<br>Time:　10:00 AM<br><br>Honorable Fernando M. Olguin<br>United States District Judge |

# UNITED STATES' REPLY IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (ECF NO. 21)

Defendant Steven P. Gould ("Defendant") began occupying the Rymer Subdivision Lot 16 ("Subject Property") in 2004, over a decade after his parents' permit had been terminated and over thirty years after the Secretary of the Interior determined the Subject Property to be within the Colorado River Indian Reservation ("Reservation"). ECF No. 15, ¶ 37. Defendant's parents had signed a permit for the Subject Property that specified it was within the Reservation, and from 1979 to 1993, they paid rent to the Colorado River Indian Tribes ("CRIT") through the Bureau of Indian Affairs ("BIA"). ECF No. 1, ¶¶ 19, 32–33; ECF No. 15, ¶¶ 19, 32–33. Beginning in 1994, however, Defendant's parents stopped paying annual rent, and their permit was terminated. ECF No. 1, ¶ 33; ECF No. 15, ¶ 33. For decades after, Defendant and his parents continued to occupy the Subject Property. In 2004, Defendant's father purported to transfer his interest in the Subject Property to Defendant. *See* ECF No. 15, ¶ 37. Since 2005, Defendant has occupied the Subject Property and presently lives on it full-time. *Id.* For almost twenty years, Defendant has resisted efforts by CRIT and the BIA to bring him into compliance, either through entering a new lease or vacating the Subject Property. ECF No. 1, ¶¶ 39–43; ECF No. 15, ¶¶ 39–43. He has ignored the requests to pay back-rent, demands to leave the property, and federal administrative decisions that found him to be in trespass. ECF No. 15, ¶¶ 39–43, 63. The United States has brought this suit to end Defendant's unlawful trespass on the Subject Property.[1]

---

[1] Defendant asserts that CRIT has "shown nothing but hostility and contempt for West Bank residents" but, for support, relies on cases where long-term trespassers were legally ejected from the Reservation. ECF No. 24 at 2; *Turley v. Eddy,* 70 F. App'x 934, 935 (9th Cir. 2003) (plaintiff had been legally evicted in CRIT Tribal Court); *Water Wheel Camp Recreational Area, Inc. v. LaRance*, 642 F.3d 802 (9th

1

As established by the pleadings and the United States' Motion for Partial Judgment on the Pleadings ("Motion"), ECF No. 21, Defendant is in trespass on the Subject Property, and the United States is entitled to an order ejecting Defendant. Defendant has no valid defense for his continuing trespass or from ejectment. In Defendant's Response to the Motion ("Response"), he attempts to obscure the relevant issues in this case by asserting that the Reservation boundary is disputed and that this dispute somehow entitles him to remain on the Subject Property. ECF No. 24 at 1–9. But as explained in the Motion, Congress authorized BIA, on behalf of CRIT, to lease land on the California side of the Colorado River after such land was determined to be within the Reservation. ECF No. 21 at 2–3. In 1969, the Secretary of the Interior made that necessary determination. *Id.*; *see* ECF No. 1-1 ("1969 Secretarial Order"). The Subject Property is within the Reservation as determined by the Secretary and thus authorized for leasing by congressional statute. *Id.*

This case is a straightforward example of trespass and ejectment. Defendant acknowledges that the United States holds title to the Subject Property, regardless of Reservation status, and he fails to identify any lawful basis for possessing the property or any defense that would prevent judgment. The Court should therefore grant the Motion and, consistent with the Proposed Order (ECF No. 21-1), enter a judgment declaring that Defendant is in trespass and ejecting him from the Subject Property. *See United States v. Stevens, et al.*, Case No. EDCV 23-1421 JGB (SHKx), ECF No. 33 (C.D. Cal. May 9, 2024) (Bernal, J.) (granting United States' motion for partial judgment on the pleadings against defendants similarly situated to Defendant here, finding defendants liable for trespass and estopped from

---

Cir. 2011) (confirming CRIT's authority to eject trespassing corporation and owner).

challenging the Reservation boundary, and ejecting defendants from the property at issue); *see United States v. Dalbey, et al.*, Case No. EDCV 23-1357-JGB-SHKx, ECF No. 34 (C.D. Cal. Apr. 30, 2024) (Bernal, J.) (same).

## I. The United States Has Met Its Burden For Partial Judgment On The Pleadings.

"Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Here, because Defendant admits the material facts and fails to develop any defenses, the United States is entitled to judgment as a matter of law.

### A. *Defendant admits key facts establishing trespass and ejectment.*

Federal common-law trespass is "the intentional use of property of another without authorization and without privilege." *United States v. Imperial Irr. Dist.*, 799 F. Supp. 1052, 1059 (S.D. Cal. 1992). In situations where the use of property had been previously authorized, a trespass still occurs if the use persists after consent has been withdrawn. *E.g.*, *California Dep't of Toxic Substances Control v. Payless Cleaners, College Cleaners*, 368 F. Supp. 2d 1069, 1082 (E.D. Cal. 2005) (citing Restatement (Second) of Torts, § 160). Ejectment is an appropriate cause of action and remedy when the plaintiff has the legal right of possession but the defendant has maintained possession without authority. *See Marsh v. Brooks*, 49 U.S. 223, 232 (1850); *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 28 F.3d 1544, 1549 n.8 (9th Cir. 1994); *see also* 25 Am. Jur. 2d Ejectment § 1 (2024).

Like his Answer, Defendant's Response primarily focuses on the Reservation's boundary, repeatedly claiming that the Subject Property is not within the Reservation and, therefore, he can occupy the property rent free. But

3

Defendant's attempt to challenge the Reservation boundary is both improper and misplaced: even if the Subject Property were not within the Reservation, Defendant agrees that the Subject Property is on federal land, as he claims the United States should "transfer the [Subject Property] back" to the Bureau of Land Management (BLM) so that BLM leases could be issued to him. ECF No. 24 at 14. At no point has Defendant claimed to hold title to the Subject Property. Defendant is thus still using the "property of another without authorization and without privilege." *Imperial Irr. Dist.*, 799 F. Supp. at 1059.

Defendant has intentionally occupied the Subject Property without CRIT or BIA authorization—and has done so for decades after CRIT and BIA withdrew their consent. By acknowledging that the United States has title and by staying on the Subject Property without authority, Defendant has himself established the necessary elements of federal common-law trespass and ejectment, and there is no dispute of material fact.

### B.     *Defendant has no valid defenses.*

Defendant did not meaningfully respond to the United States' arguments that his defenses are insufficient. Instead, Defendant cursorily claimed that his defenses have merit, and he improperly raised a meritless adverse-possession defense not mentioned in his Answer. ECF No. 24 at 11–13. To survive a motion for judgment on the pleadings, however, Defendant must do more than rely on conclusory statements. *E.g.*, *Doe I v. Cisco Systems, Inc.*, 73 F.4th 700, 713 (9th Cir. 2023). Because the defenses raised by Defendant are without merit, the Court should find that the United States is entitled to judgment as a matter of law.

Defendant's responses regarding his first, second, and fifteenth defenses cannot prevent judgment on the pleadings. Defendant concedes that his first and fifteenth defenses are not affirmative defenses, yet he does not explain why those defenses should not be dismissed nor how they bar judgment on the pleadings.

ECF No. 24 at 11. Defendant's treatment of his second defense is similarly deficient. He not only erroneously claims that a failure to join an indispensable party is an affirmative defense, but he also fails to properly develop the argument, both procedurally and substantively. *See Doe I*, 73 F.4th at 713. Instead, Defendant simply asserts that indispensable parties "may well include the State of California." ECF No. 24 at 11. But the dispute between the United States and Defendant is a straightforward trespass claim between a landowner and a trespasser; the State of California is not an indispensable party. The Court should therefore dismiss the first, second, and fifteenth defenses.

Next, Defendant asserts that his eighth defense, proximate cause, is meritorious because "damages are instead owed to Defendant upon consideration of the U.S. failure to make leases available from the BLM or Bureau of Reclamation." ECF No. 24 at 11. Defendant has not filed a claim for damages against the United States, nor has Defendant explained how this argument applies to his "proximate cause" defense. And even though Defendant restates that "proximate cause is indeed an applicable affirmative defense," he ignores that the defense of proximate cause is inapplicable when the "trespass 'in and of itself' cause[s] the injury." *United States v. S. Cal. Edison Co.*, 413 F. Supp. 2d 1101, 1128–29 (E.D. Cal. 2006). Here, the Defendant's continued occupancy of the Subject Property has injured the United States and CRIT by depriving them "of their right to occupy and use that land." ECF No. 1, ¶¶ 3, 39. So long as Defendant illegally resides on the Subject Property, there is an injury that is directly and proximately caused by Defendant's unlawful occupation. The Court should dismiss Defendant's eighth defense.

For defenses four, eleven, twelve, and thirteen, Defendant ignores the well-established principle that equitable defenses cannot be raised against the United States when it acts as a sovereign. *See* ECF No. 24 at 11–12. This principle

5

has particular force when the United States acts in its trustee capacity on behalf of an Indian tribe, but it is also generally applicable to the United States when acting in its sovereign capacity. *Id.* Defendant cannot raise equitable defenses against the United States to bar judgment on the trespass and ejectment claims. The Court should thus dismiss Defendant's fourth, eleventh, twelfth, and thirteenth defenses.

Defendant's responses regarding his fifth, sixth, ninth, and fourteenth defenses ignore the distinction between contract- and property-law claims. As explained in the Motion, the claims here are rooted in property law, not contract; thus, contract-based defenses are inapplicable and cannot bar judgment on the pleadings. ECF No. 24 at 12. The Court should therefore dismiss Defendant's fifth, sixth, ninth, and fourteenth defenses.

Defendant's seventh and tenth defenses are equally insufficient to bar judgment on the pleadings. Defendant claims his seventh defense (good faith) "is indeed relevant" but his assertion is based on an incorrect assumption that the United States' claims are not rooted in common law. ECF No. 24 at 12–13. As the United States' Motion explained, good faith cannot be a defense to the common law claims of intentional trespass or ejectment. *Swinomish Indian Tribal Cmty v. BNSF Railway Co.*, No. C15-0543RSL, 2022 WL 3597439, at *10 (W.D. Wash. Aug. 23, 2022) (citing Restatement (Second) of Torts § 163). As to Defendant's tenth defense, Defendant concedes that he identified the incorrect statute of limitations and agrees that 28 U.S.C § 2415(c) is appropriate. Section 2415(c) states that there is no statute of limitations against the United States "bringing an action to establish the . . . right of possession of real or personal property." Because good faith cannot be a defense to intentional trespass, and because Defendant agrees that there is no statute of limitations applicable here, the Court should dismiss Defendant's seventh and tenth defenses.

Next, Defendant impermissibly raises a meritless adverse-possession defense. ECF No. 24 at 8–9. Defendant claims in passing that he "has rights to Adverse Possession" under the Color of Title statute, 43 U.S.C. § 1068. ECF No. 24 at 8–9. Not only has he waived his right to raise this defense by not raising "adverse possession" in his Answer, *see* Fed. R. Civ. P. 8(c), his reliance on Section 1068 is also misplaced. The Subject Property is not subject to adverse possession under Section 1068 because the lot is not public land. *See Leavenworth, L. & G.R. v. United States*, 92 U.S. 733, 745 (1875) (holding that land reserved for tribal use is not public land); *United States v. McIntire*, 101 F.2d 650, 654 (9th Cir. 1939) ("Lands which are reserved are severed from the public domain."). Further, Section 1068 requires a claimant to hold the property in "good faith." "A claim is not held in good faith where held with knowledge that the land is owned by the United States." 43 C.F.R. § 2540.0-5(b); *Day v. Hickel*, 481 F.2d 473, 475 (9th Cir. 1973). Here, Defendant has no good faith claim for the Subject Property because he has repeatedly acknowledged that the Subject Property is owned by the United States. *See e.g.*, ECF No. 24 at 8, 11, 14 (claiming the United States should issue leases through the Bureau of Land Management or the Bureau of Reclamation). Moreover, Defendant has presented no evidence that he attempted to follow the procedures to perfect a claim for color-of-title under Section 1068. 43 C.F.R. § 2547.2. The Defendant's suggestion that the Color of Title statue applies here must be rejected.[2]

---

[2] Curiously, Defendant's Response says that he "has made significant improvements to the Subject Lot and with occupancy for over 40 years," ECF No. 24 at 8–9, but in his Answer, Defendant only admitted to occupying the Subject Property for twenty years (since 2004), ECF No. 15, ¶ 61. Nowhere in his Answer did he admit to making significant improvements; instead, he claimed that the "permanent improvements such as the existing house and utilities were on the property" well before his occupancy. *Id.* ¶ 23. Regardless, even if Defendant made

Finally, Defendant argues that the United States violated the False Claims Act when it stated Defendant is challenging the Reservation boundary and the Secretarial Order. ECF No. 24 at 8. Because these challenges are apparent in Defendant's Answer and Response, the United States' characterizations are not false statements; regardless, the False Claims Act is inapplicable because it only concerns the submission of false claims to the government. 31 U.S.C. §§ 3729, 3730; *see also Rainwater v. United States*, 356 U.S. 590, 592 (1958) (explaining the False Claims Act is meant to "protect the funds and property of the Government from fraudulent claims"). The Court must reject this argument too.

## II. A Large Portion of Defendant's Response is Non-Responsive and Irrelevant.

The remainder of Defendant's Response is either non-responsive or irrelevant to the Motion. Sections III–X purport to support Defendant's claim that the Subject Property is not on the Reservation. ECF No. 24 at 3–9. However, these assertions are taken nearly verbatim from an *amicus curiae* brief filed years ago in a different suit, and which the district court found was irrelevant to the ejectment of an individual who had trespassed on the Reservation after the BIA had terminated his lease for failure to pay rent. *See French v. Starr*, No. CV-13-02153-PHX-JJT, 2015 WL 12592104, at *9 (D. Ariz. Feb. 12, 2015) (finding Roger French estopped from asserting that the land leased from CRIT and BIA was not a part of the Reservation, as determined by the 1969 Secretarial Order); *see amicus curiae* brief, *French v. Starr*, No. CV-13-02153-JJT, 2014 WL 6455908 (D. Ariz.

---

improvements to the Subject Property, that is not a defense to trespass or ejectment. *See United States v. Osterlund*, 671 F.2d 1267, 1268 (10th Cir. 1982) (ordering trespasser to remove all structures, improvements, and personal property because the government has the right to end unlawful occupancy once trespass is established).

8

Oct. 15, 2014). Just as the arguments in the *amicus* brief were irrelevant then, they are even more irrelevant now.[3]

Even if there were a question about the Reservation boundary, Defendant fails to explain why the principles of estoppel, the collateral attack doctrine, and the statute of limitations do not bar him from challenging the Reservation's boundary. ECF No. 24 at 7–14. Moreover, the United States already demonstrated that Defendant's characterizations of the *Arizona v. California* litigation misconstrue the caselaw and do not preclude the relief sought here. *Id.* at 13–14.[4]

## CONCLUSION

Defendant has unlawfully occupied the Subject Property for decades. Throughout the duration of his occupancy, he has acknowledged that CRIT and the

---

[3] For example, Defendant claims "[t]he United States relies heavily upon *Water Wheel Camp Recreational Area, Inc. v. LaRance*, 642 F.3d 802 (9th Cir. 2011)," ECF No. 28 at 7, but the United States' Motion did not cite *Water Wheel*, let alone heavily rely on it.

[4] Defendant claims the United States has expressed inconsistent views on the Reservation boundary, citing *United States v. Aranson*, 696 F.2d 654 (9th Cir. 1983). ECF No. 24 at 5–6, 7–8. However, *Aranson* and any positions taken therein are irrelevant to Defendant's trespass. *See French*, 2015 WL 12592104, at *8 (rejecting argument that *Aranson* estopped government from ejecting French as a trespasser). Regardless, Defendant's claim is incorrect. Unlike the Subject Property, the lands at issue in *Aranson* were outside those addressed by the 1969 Secretarial Order, which only included lands north of "section 12, t[ownship] 5 s[outh], r[ange] 23 e[ast]." *See* Certain California Lands Determined to Be Within the Colorado River Reservation, 35 Fed. Reg. 18,051 (Nov. 24, 1970). The Subject Property falls within those lands addressed by the 1969 Secretarial Order. ECF No. 1, ¶¶ 8, 15. The lands involved in *Aranson*, however, are to the south, and thus *Aranson* did not put the portion of the Reservation boundary determined by the 1969 Secretarial Order at issue. *See Aranson*, 696 F.2d at 656 ("The Reservation extended westward to, *and in some places beyond*, the Colorado River, which formed the boundary between California and Arizona." (emphasis added)).

United States, through the BIA, have claimed title to the lot. And Defendant concedes that neither CRIT nor the United States has authorized his present occupation. The necessary elements of trespass and ejectment have been met, and Defendant has presented no legitimate defense for his continuing possession. The United States requests that this Court grant the Motion for Partial Judgment on the Pleadings, finding Defendant to be in trespass and issuing an order ejecting him from the Subject Property.

DATED: May 13, 2024

Respectfully submitted,
TODD KIM
Assistant Attorney General

*/s/ Laura Boyer*
**Laura Boyer**
**Marisa J. Hazell**
United States Department of Justice
Environment & Natural Resources Division
Indian Resources Section
TEL: (202) 532-3055
FAX: (202) 353-1156

OF COUNSEL

Karen F. Boyd
United States Department of the Interior
Office of the Solicitor
Indian Trust Litigation Office

10

# L.R 11-6.1 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the United States, certifies that this brief contains 3,059 words, which:

  X   complies with the word limit of L.R. 11-6.1.

____ complies with the page limit set by court order.

DATED: May 13, 2024

                                         */s/ Laura Boyer*
                                        LAURA BOYER

**CERTIFICATE OF SERVICE**

I certify that on May 13, 2024, a true and correct copy of the United States' Reply in Support of Motion for Partial Judgment on the Pleadings was served upon Defendant Steven P. Gould at the following email:

Gouldsteven05@gmail.com

DATED: May 13, 2024

/s/Laura Boyer
Laura Boyer